UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:24-cv-00288-CRS

CHRISTOPHER QUINN                                                                PLAINTIFF

v.

DOUGLAS HETSCH, *et al*                                                          DEFENDANTS

### MEMORANDUM OPINION

Plaintiff Christopher Quinn sued defendants Baker, Bloomberg & Associates, LLC and their employee, Melissa Prince, for violations of the Fair Debt Collection Practices Act and the Kentucky Consumer Protection Act. DN 23. Pending before the Court are two motions. Defendants move for dismissal of the Second Amended Complaint for insufficient service of process and for failure to state a claim. In response, plaintiff moves for alternative service of process. Both motions are ripe for review. For the reasons set forth below, the Court will grant defendants' Motion to Dismiss and deny plaintiff's Motion for Alternative Service.

### BACKGROUND

The Second Amended Complaint contains the following claims in violation of the FDCPA and the KCPA: (1) that Prince, on behalf of BBA, falsely represented herself as an attorney while attempting to collect Quinn's debt in violation of 1692e(3), 1692e(10), 1692f(1), and KRS 367.170; (2) that Prince and BBA contacted, and thus threatened to interfere with, Quinn's contractual relations with his insurer in violation of 1692e(5) and 1692c(b)[1]; (3) that Prince and BBA communicated directly with Quinn despite knowing he was represented by legal counsel in violation of 1692c(a)(2); and (4) that Prince and BBA employed unfair or unconscionable means

---

[1] Defendants do not challenge the alleged violation of 15 U.S.C. § 1692c(b) in the motion to dismiss.

to collect an alleged debt, including attempts to collect an unauthorized amount in violation of 1692f(1), 1692e(2)(A), and KRS 367.170. *See* SA Compl., DN 26.

## A. Quinn's Credit Dispute

The events giving rise to this action began with a dispute between Quinn and All American Chimney Service, LLC (AACS). According to the Second Amended Complaint, Quinn entered into an alleged contract AACS with to renovate his home chimney. SA Compl., DN 23 at PageID# 395; Contract, DN 23-1. Quinn alleges that he was dissatisfied with AACS's quality of work and ultimately disputed the amount owed. *Id*. at PageID# 395–98.

Quinn also disputes the validity of the contract with AACS. He contends that AACS incorrectly identified itself as an LLC, rendering the contract void. *Id*. at PageID# 395. He also contends that no one signed the purported contract on behalf of AACS. *Id*. In its last opinion in this matter, the Court held that neither of Quinn's arguments as to the contract's validity were sufficient to render the contract void. 3/24/2025 Opinion, DN 21 at PageID# 385. Nevertheless, Quinn maintains in his Second Amended Complaint that his obligations under the purported contract "are null and void." SA Compl., DN 23 at PageID# 395.

Quinn hired an attorney to represent him regarding his dispute with AACS. *Id*. at PageID# 398. On February 20, 2024, his attorney provided Douglas Hetsch, who does business as AACS, with written notice of that representation. *Id*. (citing Notice, DN 23-6 at PageID# 440). Despite this representation, Quinn alleges that the defendants contacted him directly regarding his debt with AACS. *Id*.

## B. Defendants' Debt Collection Activities

AACS hired BBA to collect on its debt. *Id*. at PageID# 398. In April 2024, Prince, on behalf of BBA, emailed Quinn directly to collect that debt. *Id*. In her email, Prince stated that her "office

represents [AACS] in regard to a delinquent invoice" and that Prince had spoken to Quinn's insurance company regarding the debt. 4/18/2024 Email, DN 23-8. The next day, Prince mailed Quinn a letter on BBA letterhead. Letter, DN 23-9. The letter was addressed to "Travelers Ins / Chris Quinn" and Prince stated her job title as "Auditor." *Id*. at PageID# 449. In the letter, Prince requests payment so that she "may clear our client's accounting files accordingly[.]" *Id*. Four days later, Prince sent Quinn a second email, stating:

> We just spoke to Travelers Insurance and they stated that this claim is now closed and that you have been paid the proceeds that were to be paid to [AACS]. . .. When dealing with insurance proceeds[,] they are very strict[. E]ven if you have a dispute you still have the responsibility to resolve the matter[,] and I would like to help you do that. Please give me a call or respond back via email[,] so we can discuss resolution to this matter.

4/23/2024 Email, DN 23-10. Quinn alleges that while engaging in the above debt-collection activities, defendants violated several provisions of the FDCPA and KCRA.

## C. Service of Process as to Defendant Prince

Through the course of this suit, Quinn has failed to properly serve Prince. 3/24/25 Order, DN 22 at PageID# 390-91. In its March 2025 Order, the Court authorized an additional 30 days from the filing of Quinn's Second Amended Complaint to serve Prince pursuant to the Federal Rules of Civil Procedure 4(m). *Id*. at PageID# 392. Quinn filed his Second Amended Complaint on March 26, 2025. SA Compl., DN 23. Quinn then attempted personal service on Prince through certified mail on March 31, 2025, to the BBA Houston, Texas office. USPS Tracking, DN 31-3.

Quinn did not receive the return receipt from the certified mail delivery. Response, DN 27 at PageID# 518. The 30-day extension during which Prince was to be served expired on April 25, 2025. Price maintains that she was not served and has moved to dismiss Quinn's claims against her pursuant to Fed. R. Civ. P. 12(b)(5) for insufficient service of process. Motion, DN 26.

3

## ANALYSIS

### A.  Defendant's Motion to Dismiss

Prince and BBA assert that Quinn's FDCPA and KCPA claims should be dismissed under Rule 12(b)(6) for failing to state a claim upon which relief may be granted. Motion, DN 26. Quinn's complaint lacks sufficient factual content that would allow the Court to draw a reasonable inference that the defendants are liable for the alleged violations. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). As a result, the defendants' motion to dismiss will be granted.

Prince also asserts that all claims against her should be dismissed under Rule 12(b)(5) for insufficient service of process. Motion, DN 26. Because Prince has not been served, all claims against her will be dismissed.

### 1.      Failure to State a Claim

Federal Rule of Civil Procedure 12(b)(6) requires a court to dismiss a complaint if the complaint "fail[s] to state a claim upon which relief can be granted." For a plaintiff to survive a motion to dismiss, the complaint must contain sufficient facts to state a claim that is "plausible on its face." *Twombly*, 550 U.S. at 545. A complaint states a plausible claim for relief when the court may "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint does not suffice "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement'" *Id*. (quoting *Twombly*, 550 U.S. at 557). When resolving a motion to dismiss, the court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Wesley v. Campbell*, 779 F.3d 421, 428 (6th Cir. 2015) (quoting *Directv, Inc. v. Treesch*, 487 F.3d 471, 476 (6th Cir. 2007)).

a.  **Fair Debt Collection Practices Act**

"Congress enacted the FDCPA 'to eliminate abusive debt collection practices by debt collectors.'" *Grace v. Huntington Nat'l Bank*, No. 24-3637, 2024 U.S. App. LEXIS 32960, at \*3 (6th Cir. Dec. 30, 2024) (quoting 15 U.S.C. § 1692e). Generally, the FDCPA prohibits a "debt collector" from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. To properly plead a claim under the FDCPA:

> (1) plaintiff must be a "consumer" as defined by the Act; (2) the "debt" must arise[] out of transactions which are "primarily for personal, family or household purposes;" (3) defendant must be a "debt collector" as defined by the Act; and (4) defendant must have violated [the FDCPA]'s prohibitions.

*Wallace v. Washington Mut. Bank, F.A.*, 683 F.3d 323, 326 (6th Cir. 2012). Defendants dispute Quinn's allegations that they violated the FDCPA. Motion, DN 26. Each allegation will be reviewed in turn.

i.    **False Representation as an Attorney - Sections 1692e(3), 1692e(10), and 1692f**

Quinn's complaint alleges that defendants violated 15 U.S.C. §§ 1692e(3), 1692e(10), and 1692f. Specifically, Quinn alleges that Prince, on behalf of BBA, falsely held herself out to be an attorney in her debt collection communications with Quinn. SA Compl., DN 23 at PageID# 401.

> Section 1692e prohibits false or misleading representation, and provides the following:
>
> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> (3) The false representation or implication that any individual is an attorney or that any communication is from an attorney.
>
> . . .
>
> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

§§ 1692e(3), 1692e(10).

5

In addition, section 1692f prohibits unfair practices and provides that "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." In the Sixth Circuit, "[a] debt collector's action could be 'misleading' under § 1692e, 'unfair' under § 1692f, or ... both." *Currier v. First Resol. Inv. Corp.*, 762 F.3d 529, 536 (6th Cir. 2014). But if a section 1692f claim "rests on the same premise" as the plaintiff's section 1962e claim "the two claims rise or fall together." *Virden v. Client Servs., Inc.*, No. 5:19-CV-00329, 2019 WL 4862066, at *5 (N.D. Ohio Oct. 2, 2019). Finally, whether conduct violates the FDCPA is viewed through the eyes of the "least sophisticated consumer." *Harvey v. Great Seneca Fin. Corp.*, 453 F.3d 324, 329 (6th Cir. 2006).

Defendants move to dismiss these claims, maintaining that Prince never held herself out to be an attorney while communicating with Quinn. Motion, DN 26 at PageID# 478. Instead, they assert that Prince identified herself as an auditor. *Id*. Moreover, defendants assert that Quinn even concedes in his complaint that Prince never identified herself "as an attorney at law." Reply, DN 29 at PageID# 549 (citing SA Compl., DN 23 at PageID# 399). Defendants argue that the most "natural reading of her signature block" infers that the communications originated "from an employee in the office of attorney Cris W. Craft[.]" Motion, DN 26 at PageID# 478. The Court agrees.

Quinn has not sufficiently alleged that Quinn falsely represented or implied that she was an attorney, or that any communication was made by an attorney, to support a claim under section 1692e(3). Quinn alleges Prince sent two emails to him with the following signature:

> Melissa Prince
> Baker, Bloomberg and Associates
> 20501 Katy Freeway Suite 240
> Houston, TX 77450
> O: (346) 251-0638 direct
> F: (877) 690.9952 facsimile

> T: (855) 713-7685 main
> E: m.prince@bakerblegal.com
> _____
> Law Office of Cris W. Craft
> Attorney at Law, Of Counsel
> This electronic communication is sent as a legal record.
> This is an attempt to collect a debt and any information obtained will be used for that purpose.

SA Compl., DN 23 at PageID# 398 (citing DN 23-8 at PageID# 446, DN 23-10 at PageID# 451).

In addition, Prince mailed a letter on BBA letterhead, in which she called herself an "Auditor[.]" Letter, DN 23-9. Nor does her title of "auditor" imply she is an attorney at law. *Id*. None of these communications state that Prince is an attorney. *See id.* Rather, she made such statements as "[o]ur office represents [AACS] in regard to a delinquent invoice," "I would like to help get this matter resolved," "you do have a responsibility to try to work this out and come to a resolution as there was work our client performed," and "I would like to help you" resolve the matter. *Id*. There are no discussions of any legal matter, nor does there appear to be any legal advice being given. *See id*. When viewing the defendants' conduct through the eyes of the "least sophisticated consumer[,]" none of these statements support the allegation that Prince represented herself as an attorney. *See Harvey*, 453 F.3d at 329. The Court's only concern at this stage is whether Quinn alleges sufficient facts to state a claim. And the Court finds that he has not done so here. Accordingly, the Court will dismiss Quinn's claims under sections 1692e(3), 1692e(10), and 1692f.

### ii.    Threat to Take Illegal Action - 1692e(5)

Quinn alleges that defendants violated 15 U.S.C. § 1692e(5). Specifically, he contends that Prince and BBA's debt-collection activities "implicitly threatened to disturb [his] contractual relations with Travelers." SA Compl., DN 23 at PageID# 401.

7

The FDCPA prohibits debt collectors from threatening "to take any action that cannot legally be taken or that is not intended to be taken." § 1692e(5). When deciding whether conduct violates the FDCPA, a court views that conduct from the standpoint of the "least sophisticated consumer," which is an objective test. *See Harvey*, 453 F.3d at 331. When viewed in this manner, the FDCPA presumes "a basic level of reasonableness and understanding on the part of the debtor, thus preventing liability for bizarre or idiosyncratic interpretations of debt collection notices." *See Currier*, 762 F.3d at 533.

Defendants move to dismiss this claim asserting that Quinn has failed to allege any action that constitutes a "threat to take any action that cannot legally be taken or that is not intended to be taken" as prohibited by the statute. Motion, DN 26 at PageID# 478. Defendants assert that Quinn pleads no facts that defendants "actually said they planned to interfere with his relationship with Travelers." *Id*. at PageID# 479. Rather, his cause of action comprises solely of "inference upon inference, none of which are reasonably drawn from what Prince actually said." *Id*. The Court agrees.

Quinn has not alleged that defendants threatened any illegal or unintended action to support a claim under section 1692e(5). In Prince's first email to Quinn, she states, "I just spoke to Travelers Insurance and was told that you have received the funds that were allotted for this matter and that the checks have been cashed" and "your insurance has issued the funds that are not your money to keep you do have a responsibility to try to work this out and come to a resolution as there was work our client performed." 04/18/24 Email, DN 23-8. In Prince's second email she states, "[Y]ou have been paid the proceeds that were to be paid to [AACS]" and "[w]hen dealing with insurance proceeds they are very strict even if you have a dispute you still have the responsibility to try to resolve the matter and I would like to help you do that." 04/23/2024 Email, DN 23-10.

None of these statements allege or identify a threat, much less one that is illegal. Nor do these statements reasonably infer defendants intended to interfere with Quinn's contractual relations with his insurer. Rather, viewed objectively from the perspective of the least sophisticated consumer, the facts alleged are far too speculative to support such an inference. *See Currier*, 762 F.3d at 533. As a result, the Court will dismiss Quinn's claim under section 1692e(5). *See Iqbal*, 556 U.S. at 678.

### iii.     Communication Directly with Consumer - 1692c(a)(2)

Quinn's complaint alleges that defendants violated 15 U.S.C. § 1692c(a)(2). Specifically, Quinn contends that Prince and BBA contacted him directly instead of through his attorney. Quinn's counsel advised Hetsch, AACS's owner, on February 20, 2024, that he had retained legal representation regarding the purported debt owed to AACS. SA Compl., DN 23. Quinn asserts that Prince and BBA then communicated directly with him despite his legal representation in the matter. *Id*. at PageID# 398-99. The Court finds Quinn's pleading is insufficient to state a claim.

The FDCPA states the following regarding communication with a consumer:

> Without the prior consent of the consumer given directly to the debt collector . . ., a debt collector may not communicate with a consumer in connection with the collection of any debt— (2) if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address. . .

§ 1692c(a)(2). Thus, to state a claim under this provision, a plaintiff must allege facts that the debt collector had knowledge that the consumer was represented by an attorney when they communicated directly with the consumer.

Defendants assert that Quinn's claim fails because he has not alleged facts that either BBA or Prince had such knowledge of his legal representation. Motion, DN 26 at PageID# 475. Indeed, the complaint does not allege facts purporting that either BBA or Prince had the requisite

knowledge of Quinn's legal representation before they contacted him. *See* SA Compl., DN 23.

Rather, he alleges that he "by counsel advised Hetsch that he had retained undersigned counsel to

represent him[.]" *Id*. at PageID# 398. The complaint does not allege that anyone other than Hetsch

was advised of Quinn's legal representation.[2] Absent such an allegation showing defendants had

knowledge of his legal representation, or could readily ascertain counsel's information, this claim

cannot succeed. Accordingly, the motion to dismiss will be granted as to this claim.

    iv.    **False or Misleading Representation of the Debt - Sections 1692e(2)(A) and 1692f(1)**

Quinn's complaint alleges that Prince and BBA violated 15 U.S.C. §§ 1692e(2)(A) and

1692f(1). It appears that the sole basis for these claims relies on an argument against the contract's

enforceability. Quinn alleges that AACS "is not a legal entity and that no person, employee or

company officer signed the purported contract on behalf of AACS." SA Compl., DN 23 at PageID#

395. This, he asserts, renders his obligations under the contract "null and void." *Id*. As a result, he

asserts that Prince and BBA attempted "to collect a debt from [him] for the non-existent AACS[.]"

*Id*.

> Section 1692e(2)(A) prohibits false or misleading representations, and provides as follows:
>
> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
> . . .
> (2) The false representation of—
>
> (A) the character, amount, or legal status of any debt[.]

§ 1692e(2)(A).

---

[2] Even if, as BBA and Prince anticipate, Quinn were to allege that his notifying Hetsch imputed knowledge to BBA and Prince, he may not impute Hetsch's knowledge as the creditor to BBA and Price as debt collectors. *Sexton v. Bank of New York Mellon*, No. CV 5: 15-329-DCR, 2016 WL 2354231, at *4 (E.D. Ky. May 4, 2016) (explaining that the Court may not impute a creditor's knowledge to a debt collector). Without more, this allegation fails.

Section 1692f prohibits unfair practices, and provides as follows:

A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

§ 1692f(1).

Defendants move to dismiss these claims on the basis that the Court has already ruled as to the contract's validity. Motion, DN 26 at PageID# 476. As a result, defendants contend that Quinn has failed to state a claim for "false representation of the character, amount, or legal status of any debt." The Court agrees.

In ruling whether Quinn's claims in his Proposed Second Amended Complaint were futile, the Court described Quinn's allegation that the contract was void for lack of signature and incorrect identification as an LLC as "insufficient." 3/24/2025 Order, DN 22 at PageID# 385.

But even if the Court construes this as an argument against the contract's enforceability, such an argument is insufficient. *See Kay*, 580 F. App'x at 329. Lack of a signature does not render a contract void. *See Polly v. Affiliated Computer Servs.*, No. 10-135-ART, 2011 U.S. Dist. LEXIS 2614, at *4 (E.D. Ky. Jan. 11, 2011); *Laurent v. Anderson*, 70 F.2d 819, 822 (6th Cir. 1934). Nor does the fact that the agreement incorrectly identified the company as an LLC render a contract void. *See Kammer v. LeafFilter N., LLC*, No. 20-3198, 2021 U.S. App. LEXIS 4811, at *6 (6th Cir. Feb. 18, 2021) (affirming a dismissal pursuant to an arbitration provision even though the agreement identified "LeafFilter North, Inc., as a party rather than LeafFilter North, LLC").

*Id*. The Court adopts the same finding here. *See Howe v. City of Akron*, 801 F.3d 718, 739 (6th Cir. 2015) ("the *same* issue presented a second time in the *same case* in the *same court* should lead to the *same result*").

Aside from challenging the contract validity, Quinn does not allege any other misrepresentations upon which these claims may survive. Moreover, any dispute as to the

11

underlying contract obligation does not amount to a violation under the FDCPA. *See Chambers v. Habitat Co.*, 68 F. App'x 711, 715 (7th Cir. 2003) ("Because the FDCPA is concerned with unlawful debt collection practices, not mere disputes over the legality of the underlying debts, we uphold the district court's dismissal of [the plaintiff's] claims under the FDCPA."). Therefore, defendants' motion to dismiss is granted as to the 1692e(2)(A) and 1692f(1) claims.

**b. Kentucky Consumer Protection Act**

Quinn bases his claims that BBA and Prince violated the KCPA on the same conduct that he alleges also violated the FDCPA. Specifically, that Prince, on behalf of BBA, misrepresented herself as an attorney and misrepresented the debt that she attempted to collect. SA Compl., DN 23 at PageID# 395, 401.

Defendants argue that Quinn has not alleged any "ascertainable loss" as required by the KCPA. "The KCPA requires a plaintiff to prove an 'ascertainable loss of money or property . . . as a result' of an unfair method, act, or practice." *M.T. v. Saum*, 7 F. Supp. 3d 701, 706 (W.D. Ky. 2014) (citing KRS 367.220(1)). An "ascertainable loss" can be shown by "actual damages" incurred as out-of-pocket expenses[.]" *Complete Auto. Repair Services v. Capps*, No. 2012-CA-002145-MR, 2015 WL 2445911, *5 (Ky. App. May 22, 2015), as modified (May 29, 2015). Thus, a plaintiff must show actual damages that are caused by conduct that violates the KCPA. Quinn has not done so.

Although Quinn requests that "the Court grant him his actual damages against Defendants" he fails to allege what those losses are or explain how the violation would have caused them. SA Compl., DN 23 at PageID# 402. Rather, in his response, Quinn explains how his legal expenses count as actual damages. Response, DN 27 at PageID# 518. Even assuming that were true, the explanation of how those losses are caused by defendants' conduct appears for the first time in his

12

response and are not pleaded in his complaint. Quinn cannot cure the deficiencies in his complaint by making factual assertions in his response brief. *Livingston v. Jay Livingston Music, Inc.*, 142 F.4th 433, 443 (6th Cir. 2025). As a result, the Court will grant defendants' motion to dismiss the KCPA claims.

**2.      Insufficient Service of Process**

Prince has moved this Court to dismiss Quinn's claims against her for insufficient service of process. Motion, DN 26. The Court authorized a 30-day extension during which Quinn was to serve process upon Prince. However, the record contains no evidence that such process was served upon Prince during that 30-day extension. Accordingly, the Court will dismiss the claims against Prince for insufficient service of process.

Rule 12(b)(5) authorizes the Court to dismiss a complaint for insufficient service of process. "The plaintiff bears the burden of proving that service was proper." *Breezley v. Hamilton Cnty.*, 674 F. App'x 502, 505 (6th Cir. 2017). When deciding a motion to dismiss for insufficient service of process, the Court "may refer to record evidence in determining the sufficiency of service." *HPIL Holding, Inc. v. Zhang*, 734 F. Supp. 3d 664, 694 (E.D. Mich. 2024) (citations omitted).

Rule 4 permits several methods of service, including following the law governing service of the state where the district court is located. Fed. R. Civ P. 4(e). Kentucky law provides that a defendant may be served by certified mail with the return receipt providing proof of service. Ky. R. Civ. P. 4.01, 4.04(8). "Under Kentucky law, delivery by certified mail is accomplished only if the defendant, or his agent, personally signs for the letter when it arrives." *Soares v. Boyd*, No. CV 7:17-150-KKC, 2019 WL 1119353, at *2 (E.D. Ky. Mar. 11, 2019).

13

Quinn has failed to successfully serve Prince through any of the above-mentioned methods. In his response, Quinn contends that during his 30-day extension he "made repeated efforts" to serve Prince with process at her employment address—BBA's Houston, Texas office. Response, DN 27 at PageID# 518. According to Quinn, his efforts to serve Prince at BBA's Houston office "have been thwarted by [BBA's] refusal to accept delivery." *Id*. As a result, he concludes, "Prince is avoiding service of process[.]" Response, DN 27 at PageID# 518.

On the other hand, Prince contends that Quinn has presented no proof that he attempted to serve her at her employment address. Reply, DN 29 at PageID# 554. Prince asserts that she does not work at BBA's Houston office. *Id*. As support, Prince points to an affidavit filed with the court prior to the 30-day extension, which states that she works in Kingwood, Texas. Affidavit, DN 5-1. Nonetheless, it appears that Quinn continued to attempt personal service on Prince "at a location at which he knows she cannot be served." Reply, DN 29 at PageID# 554.

The record contains no evidence of service of process as to Prince. Nor does it contain evidence to support Quinn's contention that Prince is evading such service. The record contains evidence of one attempt to serve Prince by certified mail at the Houston office during the 30-day extension. USPS Tracking, DN 31-1 at PageID# 570-71. Prince maintains she has not been served. Motion, DN 26. And Quinn does not provide a return receipt to substantiate that service by certified mail has indeed occurred. Moreover, Quinn has not argued, nor provided any evidence that BBA, or any of its employees, are agents authorized to receive process on Prince's behalf. Nor has he provided any evidence that he has even attempted to serve Prince at any other location other than BBA's Houston office. Because Quinn has not met his burden of demonstrating that service of process has been perfected as to Prince, defendants' motion to dismiss for insufficient service of process will be granted as to all claims against Prince. *See Breezley*, 674 F. App'x at 505.

14

**B. Plaintiff's Motion for Alternative Service**

Quinn seeks leave of court to achieve service upon Prince by email. However, because the claims against defendant Prince will be dismissed for insufficient service of process, Quinn's motion for alternative service upon Prince will be denied.

### CONCLUSION

For the reasons set forth above, by a separate order entered simultaneously, Defendant's Motion to Dismiss **(DN 26)** will be granted. The motion will be granted as to all claims against defendant Melissa Prince and granted as to the claims arising under 15 U.S.C. §§ 1692c(a)2, 1692e(2)(A), 1692e(3), 1692e(5), 1692e(10), 1692f, 1692f(1), and KRS 367.170 against defendant Baker, Bloomberg and Associates. Finally, Plaintiff's Motion for Alternative Service of Process **(DN 28)** will be denied.

March 31, 2026

Charles R. Simpson III, Senior Judge
United States District Court

15